Michael R. Totaro     102229
Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272
(310) 573-0276 (v)
(310) 496-1260 (f)
tsecfpacer@aol.com

**Attorneys for Debtor/Debtor in possession**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Genutec Business Solutions, Inc.,<br><br>Debtor/Debtor In Possession. | Case No. 8:14-bk-13115-ES<br><br>Chapter 11<br><br>**DEBTOR'S BRIEF IN SUPPORT OF CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Confirmation Hearing:**<br><br>Date:   August 18, 2015<br>Time:   10:30 am<br>Ctrm:    5A<br>         411 W. Fourth St.<br>         Santa Ana, CA 92701 |

**TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE, ALL CREDITORS AND ALL INTERESTED PARTIES**:

On June 4, 2015 the Court held hearing on the adequacy of Debtor/Debtor in Possession Genutec Business Solutions, Inc's ("Debtor") Disclosure Statement in Support of Chapter 11 Plan of Reorganization which the Court approved subject to Debtor amending the Disclosure Statement and Chapter 11 Plan as specified at the hearing. On June 19, 2015 Debtor filed the First Amended Disclosure Statement ("Disclosure Statement ") and First Amended Chapter 11 Plan ("the Plan") as Docket Nos. 163 and 164 respectively.

On June 23, 2015 the Court entered an Order Approving the Disclosure Statement as Docket No. 166. Debtor served the Order with a Notice of Hearing and Proof of service of the Confirmation Packet on June 26, 2015 as Docket No. 168.

The Plan is now before the Court for confirmation.

Debtor submits the following brief in support of confirmation of his Plan:

## **DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS**

**Class 1A – The allowed secured claim of Seaview Mezzanine Fund, LP ("Seaview") based on its first position lien**.

Seaview holds a first priorty lien and ownership interest in Debtor of 38.2%. It has elected not to enforce its lien at this time and is an unimpaired creditor.

**Class 1B – The allowed secured claim of TICC Capital Corp ("'TICC") based on its second position lien**.

TICC holds a second priority lien and ownership interest of 58.5 % in Debtor. TICC is not enforcing its lien at this time and is an unimpaired creditor.

**Class 2 – There are no Class 2 priority unsecured claims**.

**Class 3A – The allowed unsecured claims of general unsecured creditors totaling $3,598.110.16.**

This class consists of the allowed general unsecured claims against Debtor. There are three creditors in the class, however two main unsecured creditors' claims make up 95.70% of the unsecured claims and total $3,443,702.00. The remaining creditor has 1 claim of $154,408.56 which is only 4.30% of the claims in this class. This is the only impaired class and therefore the only class entitled to vote.

**Class 3B – The allowed unsecured claim of the Shulman Hodges and Bastian, a law firm, for contingency attorney's fees pertaining to collection of a judgment in favor of Debtor for $9,575,720.80 against former members of Debtor's Board.**

1    Debtor obtained a judgment against two members of the Board, however one of
2 the creditors has filed a bankruptcy and Shulman Hodges and Bastian ("Shulman"), the
3 firm that represented Debtor throughout the litigation, obtained the judgment and is
4 entitled to its contingency fee of $4,509,589.06, has been approved as counsel to collect
5 the judgment against the remaining defendant and deduct its' fees based on the amount
6 collected. Shulman has filed a nondischargeability action against the defendant in
7 bankruptcy. Shulman's approved representation makes its claim dependent on recovery
8 by Shulman, thus the Plan does provide for any payment at this time. Shulman is not an
9 impaired class entitled to vote on the Plan.

10    **Summary of Ballots by Class**

11    The following represents a summary of the ballots received from classes of claims
12 entitled to vote on acceptance or rejection of the Plan. The failure to vote does not count
13 as the acceptance or rejection of the Plan.  See Declaration of Michael R. Totaro.

14 **Class 1A**– Class 1A is not impaired and therefore not entitled to vote.

15 **Class 1B**– Class 1B is not impaired and therefore not entitled to vote.

16 **Class 2** – There are no claims under Class 2.

17 **Class 3A** – Two of the three members of this class have submitted ballots. These two
18 creditors hold 95.7% of the amount of the overall claims in this class. Both creditors have
19 voted to accept the Plan. These creditors' claims total $3,443.702.00.

20 **Class 3B** – Class 3B is not impaired and therefore not entitled to vote.

21    **Analysis of Ballots**

22    There is only one impaired class entitled to vote on the Plan. This class, Class 3A,
23 has voted to accept the Plan. On this basis the Plan should be confirmed as a consensual
24 Plan.

25    The following contains a consideration of the authority and factors necessary to
26 support confirmation of the Plan. See *In re Cardinal Congregate I,* 121 B.R. 760, 765
27 (Bankr. S.D. Ohio 1990) listing factors that may be required.

28

Case 8:14-bk-13115-ES    Doc 171    Filed 08/04/15    Entered 08/04/15 00:02:01    Desc
Main Document    Page 4 of 18

## **FEASIBILITY OF PERFORMANCE**

The general standard of feasibility utilized by the Ninth Circuit requires simply a showing that the plan has a "reasonable probability of success." *In re Acequia, Inc.,* 787 F.2d 1352, 1364-65 (9th Cir. 1986). A low threshold of proof will satisfy the feasibility requirement of 11 U.S.C. § 1129(a)(11). *Computer Task Group. Inc. v. Brotby*, 303 B.R. 177, 191 (BAP 9th Circ. 2003). Thus, a debtor need not prove success is inevitable. *Id*.

In this case, the only impaired class entitled to payment under the Plan is Class 3A. The provisions of the Plan as to payment to Class 3A creditors is based on three separate payment options which Debtor and the two creditors holding 95.7% of the claims have agreed upon after mediation and extensive negotiations since the beginning of this case. During the course of the negotiations, the creditors have been represented by counsel who have had full access to all of Debtor's contracts and financial information and have had adequate time to carefully review all such information.

As set forth fully in the Disclosure Statement, Debtor has no separate income source. Its' income is entirely dependent in its subsidiary Rapid Notify, Inc. ("Rapid"). Disclosure Statement, 22-23. The Plan will be funded entirely from income received by Rapid to make the payments. RAs set forth in the Disclosure Statement, Rapid has 180 active contracts and its monthly income has grown from $55,443 in 2011 to $72,091. While the Plan provides three different payment options which the parties have agreed upon, the longest option for payment is over 8 years and requires a monthly payment of $12,500. With full access to Rapid's accounts, the unsecured creditors agreed there was likely to be sufficient funds to make payments under the Plan over that term. At this time Debtor believes that Disclosure Statement establishes a "reasonable probability of success" of the Plan under any of the payment options set forth in the Plan. *In re Acequia, Inc.,* 787 F.2d at 1364-65. No borrowed funds will be used.

///

///

# DEBTOR'S PLAN MEETS ALL APPLICABLE REQUIREMENTS OF SECTION 1129(A)

### A.    Debtor's Plan Complies with section 1129(a)(1).

Section 1129(a)(1) permits the Court to confirm a plan of reorganization if "[t]he plan complies with the applicable sections of this title." 11 U.S.C. 1129(a)(1). These provisions are found in section 1122 and 1123. Section 1122 governs classification of claims. Section 1123 describes both mandatory and elective provisions.

Section 1122 contains two rules applicable to the classification of claims and a single rule concerning classification of interests. Specifically, Section 1122 states:

> (a)  Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claims or interest is substantially similar to the other claims or interests in such class.
>
> (b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience. 11 U.S.C. § 1122.

There is only one (1) class of claims eligible to vote on the Plan: the general unsecured creditors in Class 3A. This class has voted to accept the Plan.

Section 1123(a) specifies both mandatory and elective plan provisions. The mandatory provisions are:

> Notwithstanding any otherwise applicable non-bankruptcy law, a Plan shall
>
> (1)   designate, subject to section 1122 of this title, classes of claims, other than claims of a kind specified in section 507(a)(2), 507(a)(3, or 507(a)(8) of this title, and classes of interests;
>
> (2)   specify any class of claims or interests that is not impaired under the plan;
>
> (3)   specify the treatment of any class of claims or interests that is impaired under the plan;

(4) provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest;

(5) provide adequate mean for the plan's implementation, such as –

(6) contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director, or trustee. 11 U.S.C. § 1123(a).

Debtor's Plan complies with all of the above provisions. The Plan classifies all claims in accordance within section 1122, since it specifies which classes are impaired (Class 3A), provides adequate means for the execution and implementation of the Plan, and does not contain any provisions that are inconsistent with the interests of creditors. Consequently, the Plan meets the requirements of section 1129(a)(1) and (2).

**B**.    **Debtor's Plan Complies With Section 1129(a)(2).**

Section 1129(a)(2) provides that a plan may be confirmed only if the proponent of the plan has complied with applicable provisions of Title 11 of the United States Code The principle purpose of this section is to insure that the plan proponent has complied with the requirements of Section 1125 regarding the solicitation of acceptances of the plan and the requirements of sections 1121 and 1127 of the Code. See *In re Texaco. Inc.,* 84 B.R. 893, 906-907 (Bankr. S.D.N.Y/ 1988); *In re Downtown In Club III*, 89 B.R. 59, 65 (9th Cir. BAP 1988).

Under Section 1121 (c) of the Code any party in interest, including the debtor, may file a plan. Debtor is the plan proponent in this case and is a party in interest within the meaning of the Code. The requirements of section 1121 have been satisfied.

Section 1125 provides, in part, that acceptance or rejection of a plan may not be solicited after the commencement of the case unless, at the time or before such solicitation, "there is transmitted to such holder the plan or a summary of the plan, and a

written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. " By its Order entered June 23, 2015 this Court approved the Disclosure Statement finding that it contained adequate information as required by section 1125(a) (the "Order"). On June 23, 2015 Debtor filed a Notice of Hearing on Confirmation with the order containing the confirmation schedule and a proof of service as to the confirmation packets (the "Notice") on creditors. See Docket no. 166. Each creditor and interest holder was sent the Notice, the Order, the Disclosure Statement and the Plan in conformity with the Court order and section 1125. At the same time ballots were sent to all impaired class members entitled to vote on the Plan. Thus there are no remaining disclosure issues to be resolved.

Because the Plan satisfies the requirements of sections 1121 and 1125 of the Code, the plan satisfies the requirements of Section 1129(a)(2).

### C.    Debtor's Plan Complies With Section 1129(a)(3).

Section 1129(a)(3) requires the "[t]he Plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1123(a)(3). In interpreting the good faith requirement, the Ninth Circuit simply requires the Plan to be intended to achieve a result consistent with the objectives and purposes of the Bankruptcy Code. *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989); *In re Nite Lite Inns*, 17 B.R. 367, 370 (Bankr. S.D. Cal. 1982); *In re Coastal Cable T.V., Inc*. 709 F.2d 762, 764 (1st Cir.1983).

The Ninth Circuit BAP stated in *In re Stolrows Inc.,* 84 B.R. 167, 172 (9th Cir. 1988) that good faith is "viewed under the totality of the circumstances." Good faith "requires a fundamental fairness in dealing with one's creditors." *Id*.  In determining good faith the Court will assess whether the debtor has abided by all court orders. *In re Coastal Equities, Inc.*, 33 B.R. 848 (Bankr. S.D. Cal. 1983).

Debtor asserts its' Plan has been proposed in good faith and it has complied with all Court Orders. Debtor has acted diligently throughout this case to comply with the provisions of chapter 11 and applicable law. The most critical terms of the Plan have

been the basis for a mediation and extensive negotiations with all parties represented by counsel.

Significantly, as discussed in the Liquidation Analysis set forth in the Disclosure Statement, all creditors will receive more under the Plan than they would receive under a chapter 7 liquidation. All of the creditors who voted or stipulated to treatment have accepted the Plan. Debtor has not proposed the plan for any purpose that is prohibited by law.

Debtor's Plan meets this standard. The Plan classifies all claims in accordance with applicable provisions of the Bankruptcy Code. It reorganizes the Debtor's debt and repays creditors in accordance with the distribution priorities prescribed by the Code. The Plan provides the administrative and priority tax claimants with payment as prescribed by the Code. The Plan provides for a total payout to each secured creditor of at least 100% of the amount of the claims presented by the Secured Creditors. And lastly it provides for three payment options for payment to unsecured creditors which have all been accepted by the unsecured class.

Without question, Debtor proposed the Plan with the legitimate and honest purpose of reorganizing over time. Because the Plan achieves a result consistent with the objectives of the Bankruptcy Code, the Plan meets the "good faith" requirement of section 1129(a)(3).

### D.    Debtor's Plan Complies With Section 1129(a)(4).

Section 1129(a)(4) states:

> Any payment made or to be made by the proponent, by the Debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable. 11 U.S.C. § 1129(a)(4).

The cash outlay required of Debtor pursuant to the Plan's terms and the source of those funds has been fully disclosed in the Disclosure Statement of the Plan. Debtor will

8

use funds from its subsidiary Rapid to pay the claims. Debtor has shown Rapid has adequate funds to pay under the Plan. Therefore, Section 1129(a)(4) is met.

### E.  Debtor's Plan Satisfies Section 1129(a)(5).

Section 1129(a)(5) requires a plan to disclose the identity, affiliations, and the compensation of persons who will serve as officers or directors of the reorganized Debtor. Part II, D. of the Plan provides that the three members of the Board, David Montoya, Steve London and Scott Hartman will continue to manage Debtor after confirmation. Mr. London will act as the disbursing agent. He will serve without bond and will not be compensated for his work on behalf of Debtor. Therefore the Plan complies with this section of the Code.

### F.  Section 1129(a)(6) is Inapplicable.

Section 1129(a)(6) provides for regulatory approval of any regulatory commission with jurisdiction over the debtor. This provision is inapplicable as there is no agency with such jurisdiction over debtor.

### G.  Debtor has Complied with Section 1129(a)(7).

Section 1129(a)(7) requires that every claimant accept the plan or "receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of this title on such date." 11 U.S.C. § 1129(a)(7)(A)(ii). All impaired creditors have accepted the Plan and will receive more than if their claims were liquidated under Chapter 7.

This section is commonly referred to as the "best interest of creditors" test. The Plan provides all of the secured creditors with property of a value in excess of that which they would receive in a Chapter 7 liquidation, thus the best interests of creditors test is satisfied. Each creditor will receive more than they would under a Chapter 7 liquidation. This is explained in more detail in the Liquidation Analysis contained in the Disclosure

Statement in Part IV.B. at pages 15-17 which shows that each creditor will receive less in a Chapter 7 liquidation than under this Plan.

### H. Debtor's Plan Complies with Section 1129(a)(8).

Section 1129(a)(8) provides that with respect to each impaired class of claims, that class has voted to accept the Plan. In this case there is only one impaired class entitled to vote. This class has three unsecured creditors. Two of the creditors who hold 95.7% of the claims have submitted ballots accepting the Plan. Since 100% of the voting members of the class have accepted the plan and 100% of the dollar amount of the claims of the voting members have voted and accepted the Plan, Thus, Class 3A has accepted the Plan and the Plan complies with this section.

### I. Section 1129(a)(9) Does Not Apply to the Plan.

Section 1129(a)(9) requires a Plan to provide for all unsecured claims entitled to priority. As indicated in the Disclosure Statement and the Plan, there are no claims which are entitled to priority under the Bankruptcy Code. There are no Section 507(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), (a)(6), (a)(7), (a)(9) or (a)(10) claims in this case. As such, Section 1129(a)(9) does not apply in this case.

### J. Debtor's Plan Complies With Section 1129(a)(10).

Section 1129(a)(10) requires that at least one non-insider, impaired class of claims votes to accept the Plan. As noted supra, Class 3A, the only impaired class of claims voted to accept the Plan. This is established by the separately filed Ballot Summary. Thus, the Plan meets the requirements of section 1129(a)(10).

### K. Debtor's Plan Complies With Section 1129(a)(11).

Section 1129(a)(11) requires as a condition of confirmation that the Court find:

> Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor of any successor to the Debtor under the plan, unless such liquidation or reorganization is proposed in the plan. 11 U.S.C. § 1129.

This section is commonly referred to as the "feasibility" test. As noted Debtor has previously discussed the feasibility of the Plan and have submitted financial documents in the Disclosure Statement to support its feasibility.

### L.  Debtor's Plan Complies With Section 1129(a)(12).

Section 1129(a)(12) requires a plan to provide:

> All fees due under section 1930 of title 28, as determined by the court at the entry of the order of confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan. 11 U.S.C. § 1129(a)(12).

All fees payable to the Office of the United States Trustee have been paid in full. Any new fees payable to the United States Trustee and any other charges will be paid in full as a condition of entry of the order of confirmation of the Plan. Thus, the Plan meets the requirements of Section 1129(a)(12).

### M.  Sections 1129(a)(13) is Inapplicable.

Section 1129(a)(13) concerns retiree benefits and is inapplicable to this case.

### N.  Section 1129(a)(14) is Inapplicable.

Section 1129(a)(14) addresses domestic support obligations. Debtor is a corporation and has no such obligations and therefore this provision is inapplicable.

### O.  Section 1129(a)(15) is Inapplicable.

Section 1129(a)(15) applies only to cases where the debtor is an individual. Here Debtor is a corporation and this section is not applicable.

### P.  Section 1129(a)(16) is Inapplicable.

Section 1129(a)(16) pertains to transfers of property by a corporation or trust. Although Debtor is a corporation the Plan does not provide for any transfers of property by a trust or the corporation. This section does not apply.

## **CONCLUSION**

Debtor has satisfied the requirements for confirmation of the Plan in this case as a consensual Plan. The analysis provided also establishes that the Plan is feasible, is "fair

and equitable" and meets all of the applicable requirements of Section 1129 necessary for confirmation.

Debtor therefore submits that the requirements for confirmation have been met and respectfully requests that the Court confirm Debtor's First Amended Chapter 11 Plan of Reorganization filed on June 19, 2015 as Docket No. 164.

Dated: August 3, 2015    Totaro & Shanahan

By /s/ Michael R. Totaro
Michael R. Totaro
Attorneys for Debtor

# DECLARATION OF MICHAEL R. TOTARO

I, Michael R. Totaro, declare:

1. I am an attorney at law duly licensed to practice before this Court and a partner in the law firm of Totaro & Shanahan, counsel of record for Debtor and Debtor in Possession in this case. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

2. With the assistance of representatives of Debtor I prepared the Disclosure Statement and Chapter 11 Plan of Reorganization (the "Plan") in this case. I also prepared this brief in support of confirmation of the Plan.

3. Based on the foregoing I can attest to the accuracy of the information contained in this brief and the Plan Ballot Summary which is filed separately with the two ballots that I received in this case. This includes the fact that the disclosure Statement, Plan, Order Approving the Disclosure Statement and Notice of Hearing were properly and timely served on all creditors and parties in interest and that ballots were served on all unimpaired creditors entitled to vote on the Plan.

I declare under penalty of perjury that the foregoing is true and correct Executed n August 3, 2015 at Los Angeles, CA.

/s/  Michael R. Totaro
Michael R. Totaro

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: P.O. Box 789, Pacific Palisades, CA 90272

A true and correct copy of the foregoing document entitled (*specify*): "DEBTOR'S BRIEF IN SUPPORT OF CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION will be or was served in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 4, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Candice Bryner    candice@brynerlaw.com
- Paul R. Glassman    pglassman@sycr.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Marianne S Mortimer    mmortimer@sycr.com
- Gary A Pemberton    gpemberton@shbllp.com, hdillion@shbllp.com;tlenz@shbllp.com
- Leonard M Shulman    lshulman@shbllp.com
- Jimmy C Taus    jimmy@tauslaw.com, jimmytaus@gmail.com
- Michael R Totaro    tsecfpacer@aol.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

                                            Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) August 4. 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon, Erithe A, Smith, United States Bankruptcy Judge, 411 W. Fourth St., Ctrm 5A, Santa Ana, CA 92701
Genutec Business Solutions, Inc., 23046 Avenida de la Carlota, #600, Laguna Hills, CA 92653

                                      X    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

                                  ☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/4/2015 | Michael R. Totaro | /s/ Michael R. Totaro |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**Accounting Resource Solutions**
11400 Wes Olympic Blvd. #200
Los Angeles, CA 90064

**BDC Partners, LL**
8 South Shore Dr. #255
Grennwich, CT 06830

**Lawnae Hunter**
c/o Jones Day
attn: Paul Rafferty
3161 Michelson Dr #800
Irvine, CA 92612
Creditor Committee

**Merrill Communications, LLC**
attn: Leif Simpson
One Merrill Circle
St. Paul, MN 55108
Creditor Committee

**Merrill Corporation**
2603 Main St. 3100
Irvine, CA 92614

**Michael Taus**
c/o Law Offices of Jimmy C. Taus
1999 Avenue of the Stars #1100
Los Angeles, CA 90067

**Offices of Jimmy C. Taus**
1999 Avenue of the Stars #1100
Los Angeles, CA 90067
Creditor Committee

**Orcale USA, Inc.**
P.O. Box 44471
San Francisoco, CA 94144

**Rapid Notify, Inc.**
23046 Avenida de la Carlota #600
Laguna Hills, CA 92653

**Seaview Mezzanine Fund LP**
260 Madison Ave. 8th Fl
New York, NY 10016
Creditor Committee

1  **Stonefield Josephson, Inc.**
2  4 Park Plaza #900
   Irvine, CA 92604
3
   **Stradling, Yocca Carlson & Rauth**
4  660 Newport Center Dr. #1600
   Newport Beach, CA 92660
5
   **Tax Group, LP**
6  633 W. 5th St. #2800
   Los Angeles, CA 90071
7
   **TICC Capital Corp.**
8  8 Sound Shore Dr. #255
   Greenwich, CT 06830
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28